IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

*ORIGINAL*

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

SEP 1 0 2009

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

| | |
|---|---|
| CHERYL ROSEBERRY & WILLIAM ROSEBERRY, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| WAL-MART STORES EAST, INC., an Arkansas Corporation, WAL-MART STORES EAST, LP, a Delaware Limited Partnership, WAL-MART STORES, INC., an Arkansas Corporation, WAL-MART ASSOCIATES, INC., an Arkansas Corporation, and JOHN DOE, | ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

CIVIL ACTION FILE
NO:

## 1 09-CV-2497



### NOTICE OF REMOVAL

COMES NOW, Defendants Wal-Mart Stores East, Inc. (erroneously named and joined, the correct designation being Wal-Mart Stores East, LP), Wal-Mart Stores East, LP, Wal-Mart Stores, Inc. (erroneously named and joined, the correct designation being Wal-Mart Stores East, LP, and Wal-Mart Associates, Inc. (erroneously named and joined, the correct designation being Wal-Mart Stores East, LP) (hereinafter "Defendants") in the above-captioned matter, by and through its counsel of record, within the time prescribed by law, and files this Notice of Removal, showing the Court as follows:

1.

The above-named Plaintiffs filed suit in the State Court of Cobb County, Georgia, which is within the Atlanta Division of this Court. 28 U.S.C.A. § 90 (a)(2). Said lawsuit is styled as above and is numbered as Civil Action File No. 2009-A-11697-5. Plaintiffs'

claims against Defendants include allegations of negligence.

2.

Plaintiffs filed the Complaint on or about August 11, 2009. Defendants received service of summons and a copy of the Complaint on August 19, 2009. Defendants file this notice of Removal within thirty (30) days after service of summons and a copy of this Complaint.

3.

Defendant Wal-Mart Stores East, Inc. is an Arkansas corporation with its principal place of business in the State of Arkansas. Defendant Wal-Mart Stores East, LP is a Delaware limited partnership with its principal place of business in the State of Arkansas. Defendant Wal-Mart Stores, Inc. is a Delaware corporation with its principal place of business in the State of Arkansas. Defendant Wal-Mart Associates, Inc. is a Delaware corporation with its principal place of business in the State of Arkansas. Neither Wal-Mart Stores East, Inc., Wal-Mart Stores East, LP, Wal-Mart Stores, Inc. nor Wal-Mart Associates, Inc. were citizens of the State of Georgia at the time of or immediately prior to the filing and service of said lawsuit, or at any time thereafter.

4.

Plaintiffs Cheryl Roseberry and William Roseberry are citizens of the State of Georgia.

5.

Complete diversity of citizenship exists between Plaintiffs and Defendants.

6.

This action is removable pursuant to 28 U.S.C. §§ 1332, 1441, based on complete

-2-

diversity of citizenship between Plaintiffs and Defendants.

7.

Plaintiffs allege that Plaintiff Cheryl Roseberry sustained "severe and permanent injuries to her cervical spine". See Plaintiffs' Complaint ¶12. Plaintiffs allege that Plaintiff Cheryl Roseberry has sustained "severe injuries which have required medical care and treatment, necessitating thousands of dollars in medical and related expenses, and which have led to permanent injuries and disabilities". See id., ¶14. As a result of this incident, Plaintiffs claim that Plaintiff Cheryl Roseberry has incurred past, present, and future medical bills. See id., ¶13, ¶14. In the Complaint, Plaintiffs seeks recovery against Defendants for Plaintiff Cheryl Roseberry's "pain and suffering, past, present and future, both mental and physical; for sums incurred for hospitals, physicians, medications, and related expenses, past, present and future; for her lost wages, past, present and future; for a diminishment in her future earning capacity; for a diminishment in her capacity to labor; for her loss of enjoyment of life; and for the permanent injuries and disabilities she has suffered and the resulting diminishment in her quality of life" in an amount "not less than SEVEN HUNDRED FIFTY THOUSAND ($750,000.00) DOLLARS". See id., ¶20, 21.

8.

Plaintiffs' claim for damages exceeds the $75,000 jurisdictional threshold.

9.

Pursuant to the provisions of 28 U.S.C. § 1446, Defendants have attached as Exhibit "A" copies of all the pleadings that were provided to and served upon Defendants, including copies of all pleadings that have been filed to date in the State Court of Cobb County, Georgia for the above-styled case.

-3-

10.

Pursuant to 28 U.S.C. § 1446, Defendants are not required to file a removal bond.

11.

Written notice of the filing of this Notice of Removal will be given to all parties as required by 28 U.S.C. § 1446.

12.

A true and correct copy of this Notice of Removal will be filed with the Clerk of the State Court of Cobb County, Georgia, as required by 28 U.S.C. § 1446.

WHEREFORE, Defendants pray that the above-captioned lawsuit be removed to the United States District Court for the Northern District of Georgia, Atlanta Division.

McLAIN & MERRITT, P.C.

_____
Albert J. DeCusati
Georgia Bar No.  215610
Attorney for Defendants

-4-

IN THE STATE COURT OF COBB COUNTY

STATE OF GEORGIA

| | |
|---|---|
| CHERYL ROSEBERRY and WILLIAM ROSEBERRY,<br><br>              Plaintiffs,<br><br>vs.<br><br>WAL-MART STORES EAST, INC.,<br>an Arkansas Corporation, WAL-MART<br>STORES EAST, LP, a Delaware Limited<br>Partnership, WAL-MART STORES, INC.,<br>an Arkansas Corporation, WAL-MART<br>ASSOCIATES, INC., an Arkansas<br>Corporation, and JOHN DOE,<br><br>              Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CIVIL ACTION

FILE NO. O9-A-41690-5

***JURY TRIAL DEMANDED***

### COMPLAINT FOR DAMAGES

COME NOW Cheryl Roseberry and William Roseberry, Plaintiffs in the captioned action, and for their Complaint against the Defendants named herein, show the court and jury the following facts, to wit:

1.

That Defendant Wal-Mart Stores East, Inc., is a corporation organized and existing under the laws of the State of Arkansas, but authorized to do business in Georgia, which may be served by service on its registered agent for service, Corporation Process Company, 328 Alexander Street, Suite 10, Marietta, Cobb County, Georgia 30060, and which is subject to the jurisdiction of this court by virtue of facts which will be set forth more fully hereinafter.

2.

That Defendant Wal-Mart Stores East, LP, is a limited partnership formed under the laws of the State of Delaware, but authorized to do business in Georgia, which may be served by service on



its registered agent for service, CT Corporation System, 328 Alexander Street, Suite 10, Marietta,

Cobb County, Georgia 30060, and which is subject to the jurisdiction of this court by virtue of facts

which will be set forth more fully hereinafter.

3.

That Defendant Wal-Mart Stores, Inc., is a corporation organized and existing under the laws

of the State of Arkansas, but authorized to do business in Georgia, which may be served by service

on its registered agent for service, Corporation Process Company, 328 Alexander Street, Suite 10,

Marietta, Cobb County, Georgia 30060, and which is subject to the jurisdiction of this court by

virtue of facts which will be set forth more fully hereinafter.

4.

That Defendant Wal-Mart Associates, Inc., is a corporation organized and existing under the

laws of the State of Arkansas, but authorized to do business in Georgia, which may be served by

service on its registered agent for service, Corporation Process Company, 328 Alexander Street,

Suite 10, Marietta, Cobb County, Georgia 30060, and which is subject to the jurisdiction of this

court by virtue of facts which will be set forth more fully hereinafter.

5.

That Defendant John Doe, on information and belief, is a citizen and resident of the State of

Georgia, but otherwise unknown to Plaintiffs, whose identity and address will be ascertained through

discovery, and who is subject to the jurisdiction of this court by virtue of facts which will be set forth

more fully hereafter.

6.

That Defendants are indebted to Plaintiffs, jointly and severally, in a sum in excess of

SEVEN HUNDRED FIFTY THOUSAND ($750,000.00) DOLLARS compensatory damages, by

virtue of facts which will be set forth more fully hereinafter.

7.

That at all times material herein, the corporate Defendants owned and operated a Wal-Mart Super Store ("the Wal-Mart store"), located at 4221 Atlanta Highway, Loganville, Walton County, Georgia.

8.

That at all times material herein, Defendant John Doe was the manager of the Wal-Mart store, aforesaid, responsible for, *inter alia*, its administrative operation.

9.

That on the 19th day of August, 2007, Plaintiff Cheryl Roseberry ("Roseberry") was a customer in the Wal-Mart store, aforesaid.

10.

That earlier that day, there had been a liquid spill on the floor at the Wal-Mart store, and a Wal-Mart employee, rather than cleaning it up or posting signs warning of its presence, simply laid paper towels on it, apparently intended to absorb the liquid preparatory to properly removing it and cleaning up the area.

11.

That the resulting sodden paper towels were the same approximate color of the floor, having the effect of masking the presence of the liquid spill.

12.

That as Plaintiff Roseberry was shopping, aforesaid, she stepped on the soggy paper towels and liquid spill, which were extremely slippery, causing her feet to suddenly slip out from under her, resulting in her violently falling to the floor on her right knee, causing severe and permanent injuries

to her cervical spine.

13.

That immediately following Plaintiff Roseberry's fall, aforesaid, Defendant John Doe admitted to her that the liquid spill should have been properly cleaned up earlier and should not have been handled as it had been.

14.

That as a direct and proximate result of the fall, aforesaid, Plaintiff Roseberry suffered severe injuries which have required medical care and treatment, necessitating thousands of dollars in medical and related expenses, and which have led to permanent injuries and disabilities.

15.

That the fall and resulting injuries suffered by Plaintiff Roseberry, aforesaid, were directly and proximately caused by the negligence of Defendants, such negligence consisting in:

(a) Failing to maintain the premises and approaches safe for invitees, in violation of provisions of O.C.G.A. §51-3-1;

(b) Failing to timely remove and clean-up the liquid spill, resulting in a foreseeable hazard of injury to invitees;

(c) Failing to properly warn of the dangerous condition on the premises caused by the inadequate treatment of the liquid spill with paper towels, when Defendants knew, or should have known, that a situation of danger existed to invitees thereby;

(d) Failing to take timely and appropriate steps to correct the dangerous situation that existed on the premises due to the inadequate clean-up of the liquid spill and the use of paper towels under the circumstances, aforesaid;

(e) Failing to timely inspect and maintain the premises for the safety of invitees;

(f) Failing to implement adequate policies and procedures for inspection and maintenance of the premises for the safety of invitees;

(g) Creating, in effect, a mantrap for invitees on the premises by treating the liquid spill with paper towels, which caused it to be indiscernable to invitees; and

(h) Failing to warn of the dangerous condition on the premises, and failing to make safe the dangerous condition created by the inadequate clean-up and improper use of paper towels under the circumstances, when Defendants knew, or should have known, of such danger prior to the injuries suffered by Plaintiff Roseberry, aforesaid.

16.

That Defendant John Doe was further negligent in failing to properly supervise employees at the Wal-Mart store, and permitting the creation of a hazardous condition for invitees by the inadequate clean-up and inappropriate use of paper towels under the circumstances, aforesaid.

17.

That at all times material herein, Plaintiff Roseberry was an invitee on the premises of the Wal-Mart store, acting in the exercise of ordinary care for her own safety.

18.

That at all times material herein, Defendant John Doe was an agent, servant and employee of the corporate Defendants, acting within the scope of such employment as manager of the Wal-Mart store, and in the furtherance of the business of the corporate Defendants.

19.

That there is no bona fide dispute as to Defendants' liability in this incident, and Defendants have been stubbornly litigious in forcing Plaintiffs to litigate this matter, and Plaintiffs accordingly are entitled to recover their expenses of litigation, including reasonable attorneys' fees, pursuant to

provisions of O.C.G.A. §13-6-11.

20.

That Plaintiff Roseberry brings this action to recover for her pain and suffering, past, present and future, both mental and physical; for sums incurred for hospitals, physicians, medications, and related expenses, past, present and future; for her lost wages, past, present and future; for a diminishment in her future earning capacity; for a diminishment in her capacity to labor; for her loss of enjoyment of life; and for the permanent injuries and disabilities she has suffered and the resulting diminishment in her quality of life.

21.

That Plaintiff William Roseberry is the husband of Plaintiff Roseberry, and brings this action to recover for the loss of his wife's companionship, comfort, fellowship, conjugal relations and consortium due to the injuries she has suffered, aforesaid.

WHEREFORE, Plaintiffs demand judgment of Defendants, jointly and severally, in a sum not less than SEVEN HUNDRED FIFTY THOUSAND ($750,000.00) DOLLARS compensatory damages; for their expenses of litigation, including reasonable attorneys' fees, as proven at trial; and for their other costs of court.

LANHAM & McGEHEE, P.C.

William C. Lanham
Georgia Bar No. 437100

Clark H. McGehee
Georgia Bar No. 491800
Attorneys for Plaintiffs

JOHNSON & WARD
2100 The Equitable Building
100 Peachtree Street, N.W.
Atlanta, Georgia 30303-1912
Telephone: (404) 524-5626

Civil Action No. 09-A-11697-5

**State Court**  ☒

**GEORGIA,    COBB    COUNTY**

Attorney's Address .............................
William C. Lanham, Esq.
Johnson & Ward
100 Peachtree St., N.W., Suite 2100
Atlanta, Georgia 30303-1912

CHERYL ROSEBERRY and WILLIAM ROSEBERRY ...

.............................................
.............................................
**Plaintiff**

**VS.**

WAL-MART STORES EAST, INC., et. al.

**Name and Address of Party to be Served**

Wal-Mart Stores East, Inc.
c/o Corporation Process Company
328 Alexander Street, Suite 10
Marietta, Cobb County, Georgia   30060

.............................................
**Defendant**

.............................................

.............................................
**Garnishee**

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐  I have this day served ................................................................................ personally with a copy
of the within action and summons.

**NOTORIOUS** ☐  I have this day served .............................................................................................. by leaving
a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of ........................................................................... described as follows

age, about ........ years; weight, about ....... pounds; height, about ...... feet and ...... inches, domiciled
at the residence of defendant.

**CORPORATION** ☑  Served ....... Wal-Mart ....................................................................................... a corporation
by leaving a copy of the within action and summons with _Bonnie Hamberger_ ......................................
in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐  I have this day served the above affidavit and summons on the defendant(s)/Party by posting a copy of the same to the
door of the premises designated in said affidavit and on the same day of such posting by depositing a true copy of same
in the United States Mail, First Class in an envelope properly addressed to the defendant(s)/Party at the address shown in
said summons, with adequate postage affixed thereon containing notice to the defendant(s)/Party to answer said
summons at the place stated in the summons.

**NON EST** ☐  Diligent search made and ..............................................................................................
not to be found in the jurisdiction of this Court.

**THE DEFENDANT/PARTY IS REQUIRED TO:**
answer a Proceeding Against Tenant Holding Over on or before the _____ day of _____
20 _____ at the hour and place stated in the summons.

This ..... 15 ... day of ....... Aug ...................... , 20 09 ......

....................................................
**DEPUTY**

....................................................
**COBB COUNTY, GEORGIA**

**WHITE:** Clerk      **CANARY:** Plaintiff      **PINK:** Defendant

SERVE

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

CHERYL ROSEBERRY and WILLIAM
ROSEBERRY

CASE NO. 09-A-11697-5

$170.00 Deposit Paid

$5.00 RUSH FEE PD

PLAINTIFF

Vs

WAL-MART STORES EAST, INC.,
WAL-MART STORES EAST, LP,
WAL-MART STORES, INC.,
WAL-MART ASSOCIATES, INC.,
and JOHN DOE

DEFENDANT

| TYPE OF SUIT: | | AMOUNT OF SUIT | |
|---|---|---|---|
| Account | ☐ | Principal | $ 750,000+ |
| Contract | ☐ | Interest | $_____ |
| Note | ☐ | Attys. Fees | $_____ |
| Tort | ☒ | Court Costs | $_____ |

### SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the CLERK of said court and serve upon the Plaintiff's attorney or upon Plaintiff if no attorney, to wit, whose name and address is:

William C. Lanham, Esq.
Johnson & Ward
2100 The Equitable Building
100 Peachtree Street, N.W.
Atlanta, Georgia 30303-1912

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. NOTE: Any corporate party served must be represented by a licensed attorney at law. (see Eckles v. Atlanta Technology Group, 267 Ga. 801)

This  11-August-2009
                (Date)

Clerk
State Court of Cobb County

---

12 East Park Square, Marietta, Georgia 30090-9632        (770) 528-1220        Building B, First floor-Civil Division

A:\general\summons.doc                                                                    6-24-2002

Civil Action No. 09-A-11699-5

State Court ☒

GEORGIA,    COBB    COUNTY

**Attorney's Address** ...............................
William C. Lanham, Esq.
Johnson & Ward
100 Peachtree St., N.W., Suite 2100
Atlanta, Georgia 30303-1912

CHERYL ROSEBERRY and WILLIAM ROSEBERRY
.....................................................

.....................................................
**Plaintiff**

VS.

WAL-MART STORES EAST, INC., et. al.
.....................................................

**Name and Address of Party to be Served**

Wal-Mart Associates, Inc.
c/o Corporation Process Company
328 Alexander Street, Suite 10
Marietta, Cobb County, Georgia 30060

.....................................................
**Defendant**

.....................................................

.....................................................
**Garnishee**

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐ I have this day served ................................................... personally with a copy of the within action and summons.

**NOTORIOUS** ☐ I have this day served ................................................... by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of ................................................... described as follows

age, about ........ years; weight, about ....... pounds; height, about ...... feet and ...... inches, domiciled at the residence of defendant.

**CORPORATION** ☑ Served _Wal-mart_ ................................................... a corporation by leaving a copy of the within action and summons with _Bonnie Fridge_ in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐ I have this day served the above affidavit and summons on the defendant(s)/Party by posting a copy of the same to the door of the premises designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s)/Party at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s)/Party to answer said summons at the place stated in the summons.

**NON EST** ☐ Diligent search made and ................................................... not to be found in the jurisdiction of this Court.

**THE DEFENDANT/PARTY IS REQUIRED TO:**
answer a Proceeding Against Tenant Holding Over on or before the _____ day of _____ 20 _____ at the hour and place stated in the summons.

This ........ 19 ........ day of ........ May ........ , 20 .. 09 ..

.....................................................  05001
**DEPUTY**

.....................................................
**COBB COUNTY, GEORGIA**

**WHITE:** Clerk    **CANARY:** Plaintiff    **PINK:** Defendant

**SERVE**

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

CHERYL ROSEBERRY and WILLIAM
ROSEBERRY

_____

_____

**PLAINTIFF**
                    **Vs**

WAL-MART STORES EAST, INC.,
WAL-MART STORES EAST, LP,
WAL-MART STORES, INC.,
WAL-MART ASSOCIATES, INC.,
and JOHN DOE

_____

**DEFENDANT**

CASE NO. 09-A-11699-5

$170.00 Deposit Paid
$5.00 RUSH FEE PD

| TYPE OF SUIT: | | AMOUNT OF SUIT | |
|---|---|---|---|
| Account | ☐ | Principal | $ 750,000+ |
| Contract | ☐ | Interest | $_____ |
| Note | ☐ | Attys. Fees | $_____ |
| Tort | ☒ | Court Costs | $_____ |

### SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the CLERK of said court and serve upon the Plaintiff's attorney or upon Plaintiff if no attorney, to wit, whose name and address is:

> William C. Lanham, Esq.
> Johnson & Ward
> 2100 The Equitable Building
> 100 Peachtree Street, N.W.
> Atlanta, Georgia 30303-1912

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. NOTE: Any corporate party served must be represented by a licensed attorney at law. (see Eckles v. Atlanta Technology Group, 267 Ga. 801)

This _N-August-2009_
_____(Date)_____

_Diane Webb_
**Clerk**
**State Court of Cobb County**

Civil Action No. ....09-A-11697-5.......

**State Court** ☐

**GEORGIA,** **COBB** **COUNTY**

Attorney's Address ...........................
William C. Lanham, Esq.
Johnson & Ward.............................
100 Peachtree St., N.W., Suite 2100
Atlanta, Georgia 30303-1912............

CHERYL ROSEBERRY and WILLIAM ROSEBERRY
...................................................

...................................................
                                      **Plaintiff**
VS. INC.,
WAL-MART STORES EAST, LP, et. al.
...................................................

**Name and Address of Party to be Served**

Wal-Mart Stores East, LP
c/o Corporation Process Company
328 Alexander Street, Suite 10
Marietta, Cobb County, Georgia  30060
...................................................

...................................................
                                      **Defendant**

...................................................

...................................................
                                      **Garnishee**

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐ I have this day served ................................................................... personally with a copy
of the within action and summons.

**NOTORIOUS** ☐ I have this day served ................................................................... by leaving
a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of ................................................................... described as follows

age, about ........ years; weight, about ....... pounds; height, about ...... feet and ...... inches, domiciled
at the residence of defendant.

**CORPORATION** ☑ Served .... Wal-mart ................................................................... a corporation
by leaving a copy of the within action and summons with  Bonnie Hunter
in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐ I have this day served the above affidavit and summons on the defendant(s)/Party by posting a copy of the same to the
door of the premises designated in said affidavit and on the same day of such posting by depositing a true copy of same
in the United States Mail, First Class in an envelope properly addressed to the defendant(s)/Party at the address shown in
said summons, with adequate postage affixed thereon containing notice to the defendant(s)/Party to answer said
summons at the place stated in the summons.

**NON EST** ☐ Diligent search made and ...................................................................
not to be found in the jurisdiction of this Court.

**THE DEFENDANT/PARTY IS REQUIRED TO:**
answer a Proceeding Against Tenant Holding Over on or before the _____ day of _____
20 _____ at the hour and place stated in the summons.

This .... 19 ... day of .... August .............. , 20 09 ......

.................................................
                                      **DEPUTY**

.................................................
                                      COBB COUNTY, GEORGIA

WHITE: Clerk        CANARY: Plaintiff        PINK: Defendant

**SERVE**

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

CHERYL ROSEBERRY and WILLIAM
ROSEBERRY

CASE NO. _09-A-11697-5_

$170.00 Deposit Paid

$5.00 RUSH FEE PD

**PLAINTIFF**

Vs

WAL-MART STORES EAST, INC.,
WAL-MART STORES EAST, LP,
WAL-MART STORES, INC.,
WAL-MART ASSOCIATES, INC.,
and JOHN DOE

**DEFENDANT**

| TYPE OF SUIT: | | AMOUNT OF SUIT | |
|---|---|---|---|
| Account | ☐ | Principal | $ _750,000+_ |
| Contract | ☐ | Interest | $ _____ |
| Note | ☐ | Attys. Fees | $ _____ |
| Tort | ☒ | Court Costs | $ _____ |

### SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the CLERK of said court and serve upon the Plaintiff's attorney or upon Plaintiff if no attorney, to wit, whose name and address is:

William C. Lanham, Esq.
Johnson & Ward
2100 The Equitable Building
100 Peachtree Street, N.W.
Atlanta, Georgia  30303-1912

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. NOTE: Any corporate party served must be represented by a licensed attorney at law. (see Eckles v. Atlanta Technology Group, 267 Ga. 801)

This _11-August-2009_
(Date)

_____
Clerk
State Court of Cobb County

12 East Park Square, Marietta, Georgia 30090-9632    (770) 528-1220    Building B, First floor-Civil Division

A:\general\summons.doc                                                6-24-2002

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| CHERYL ROSEBERRY &<br>WILLIAM ROSEBERRY,<br><br>      Plaintiffs,<br><br>v.<br><br>WAL-MART STORES EAST, INC., an<br>Arkansas Corporation, WAL-MART<br>STORES EAST, LP, a Delaware<br>Limited Partnership, WAL-MART<br>STORES, INC., an Arkansas<br>Corporation, WAL-MART<br>ASSOCIATES, INC., an Arkansas<br>Corporation, and JOHN DOE,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>CIVIL ACTION FILE<br>NO: 2009-A-11697-5 |

## ANSWER OF DEFENDANTS WAL-MART STORES EAST, INC., WAL-MART STORES EAST, LP, WAL-MART STORES, INC., and WAL-MART ASSOCIATES, INC.

COMES NOW, Defendants Wal-Mart Stores East, Inc., (erroneously named and joined, the correct designation being Wal-Mart Stores East, LP), Wal-Mart Stores East, LP, Wal-Mart Stores, Inc., (erroneously named and joined, the correct designation being Wal-Mart Stores East, LP), and Wal-Mart Associates, Inc. (erroneously named and joined, the correct designation being Wal-Mart Stores East, LP), (hereinafter "Defendants") and makes this Answer to Plaintiffs' Complaint as follows:

## FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim against Defendants upon which relief can be granted.

## SECOND DEFENSE

Plaintiffs' alleged damages, if any, were directly and proximately caused by Plaintiffs' own contributory negligence and failure to exercise ordinary care.

## THIRD DEFENSE

Plaintiff Cheryl Roseberry was not in the exercise of ordinary care for her own safety in the premises, and by the exercise of ordinary care could have avoided any injury to herself; and on account thereof, Plaintiffs are not entitled to recover from Defendants.

## FOURTH DEFENSE

Defendants deny that they were negligent in any manner whatsoever or that any negligent act or omission on their part caused or contributed to any injury or damage alleged to have been sustained by Plaintiffs.

## FIFTH DEFENSE

Any injury or damage sustained by Plaintiffs was the result of an accident in the legal sense, and therefore Plaintiffs are not entitled to recover from Defendants.

## SIXTH DEFENSE

Plaintiffs assumed the risk of any hazard that was presented and are thereby barred from recovering against these Defendants.

## SEVENTH DEFENSE

Plaintiffs' complaint improperly joins one or more parties.

## EIGHTH DEFENSE

Plaintiffs' claims are barred by the applicable doctrines of waiver and estoppel.

## NINTH DEFENSE

Plaintiffs have failed to properly identify a party.

## TENTH DEFENSE

Plaintiffs' claim for consequential damages is barred as a matter of law.

## ELEVENTH DEFENSE

Plaintiffs has failed to itemize their special damages pursuant to O.C.G.A. § 9-11-9(g).

## TWELFTH DEFENSE

All or a portion of Plaintiffs' claims are barred by the applicable statute of limitation and laches.

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred by insufficiency of service and insufficiency of process.

## FOURTEENTH DEFENSE

Plaintiffs have failed to plead sufficient information and facts for the assessment of costs of litigation and/or prejudgment interest.

## FIFTEENTH DEFENSE

This Court lacks jurisdiction over the person and property of Defendants, and, therefore, this case should be dismissed as to it.

## SIXTEENTH DEFENSE

Plaintiffs have failed to plead sufficient information for a determination of future medical expenses and permanency of injuries.

## SEVENTEENTH DEFENSE

Defendants respond to the enumerated paragraphs of Plaintiffs' Complaint as follows:

-3-

1.

Defendants deny, as stated, the allegations contained in Paragraph 1 of Plaintiffs' Complaint.

2.

Defendants admit the allegations contained in Paragraph 2 of Plaintiffs' Complaint.

3.

Defendants deny, as stated, the allegations contained in Paragraph 3 of Plaintiffs' Complaint.

4.

Defendants deny, as stated, the allegations contained in Paragraph 4 of Plaintiffs' Complaint.

5.

Defendants are without sufficient information to either admit or deny the allegations of Paragraph 5 of Plaintiffs' Complaint; therefore, said allegations are denied.

6.

Defendants deny the allegations contained in Paragraph 6 of Plaintiffs' Complaint.

7.

Defendants deny, as stated, the allegations contained in Paragraph 7 of Plaintiffs' Complaint.

8.

Defendants deny, as stated, the allegations contained in Paragraph 8 of Plaintiffs' Complaint.

9.

Defendants are without sufficient information to either admit or deny the allegations of Paragraph 9 of Plaintiffs' Complaint; therefore, said allegations are denied.

10.

Defendants deny, as stated, the allegations contained in Paragraph 10 of Plaintiffs' Complaint.

11.

Defendants deny, as stated, the allegations contained in Paragraph 11 of Plaintiffs' Complaint.

12.

Defendants deny the allegations contained in Paragraph 12 of Plaintiffs' Complaint.

13.

Defendants deny the allegations contained in Paragraph 13 of Plaintiffs' Complaint.

14.

Defendants deny the allegations contained in Paragraph 14 of Plaintiffs' Complaint.

15.

Defendants deny the allegations contained in Paragraph 15 of Plaintiffs' Complaint, including all subparts therein.

16.

Defendants deny the allegations contained in Paragraph 16 of Plaintiffs' Complaint.

17.

Defendants deny the allegations contained in Paragraph 17 of Plaintiffs' Complaint.

18.

Defendants deny the allegations contained in Paragraph 18 of Plaintiffs' Complaint.

19.

Defendants deny the allegations contained in Paragraph 19 of Plaintiffs' Complaint.

20.

Defendants deny the allegations contained in Paragraph 20 of Plaintiffs' Complaint.

21.

Defendants deny the allegations contained in Paragraph 21 of Plaintiffs' Complaint.

22.

Defendants deny Plaintiffs' prayer for relief, including all subparts therein.

23.

All other allegations, counts or claims which Defendants have not specifically

responded to are hereby denied.

WHEREFORE, Defendants pray that Plaintiffs' Complaint be dismissed with all

costs cast upon the Plaintiffs. DEFENDANTS DEMAND TRIAL BY A JURY OF

TWELVE (12) PERSONS AS TO ALL ISSUES SO TRIABLE.

This _____ day of September, 2009.

McLAIN & MERRITT, P.C.

_____
Albert J. DeCusati
Georgia Bar No. 215610
Attorney for Defendants

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 266-9171

-6-

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing **ANSWER OF**

**DEFENDANTS WAL-MART STORES EAST, INC., WAL-MART STORES EAST, LP,**

**WAL-MART STORES, INC., and WAL-MART ASSOCIATES, INC.** has this day been

served upon opposing counsel, by placing same in the United States Mail, postage

prepaid, and addressed as follows:

William C. Lanham, Esq.
Clark H. McGehee, Esq.
Johnson & Ward
2100 The Equitable Building
100 Peachtree Street, N.W.
Atlanta, GA 30303

This _8_ day of September, 2009.

McLAIN & MERRITT, P.C.

Albert J. DeCusati
Georgia Bar No. 215610
Attorney for Defendants

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 266-9171

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

CHERYL ROSEBERRY &amp;          )
WILLIAM ROSEBERRY,        )
                                  )
      Plaintiffs,           )
                                  )
v.                            )    CIVIL ACTION FILE
                            )    NO: 2009-A-11697-5
WAL-MART STORES EAST, INC., an  )
Arkansas Corporation, WAL-MART    )
STORES EAST, LP, a Delaware       )
Limited Partnership, WAL-MART      )
STORES, INC., an Arkansas         )
Corporation, WAL-MART             )
ASSOCIATES, INC., an Arkansas    )
Corporation, and JOHN DOE,      )
                                  )
      Defendants.       )

<u>12-PERSON JURY DEMAND</u>

COME NOW Defendants WAL-MART STORES EAST, INC., WAL-MART

STORES EAST, LP, WAL-MART STORES, INC., and WAL-MART ASSOCIATES,

INC., and demand a trial by a jury of twelve (12) persons.

                    McLAIN &amp; MERRITT, P.C.

                    Albert J. DeCusati
                    Georgia Bar No. 215610
                    Attorney for Defendants

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA 30326-3240
(404) 266-9171
(404) 364-3138 (Fax)
adecusati@mclain-merritt.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing **12-PERSON JURY**

**DEMAND** has this day been served upon Plaintiff, by placing same in the United States

Mail, postage prepaid, and addressed as follows:

William C. Lanham, Esq.
Clark H. McGehee, Esq.
Johnson & Ward
2100 The Equitable Building
100 Peachtree Street, N.W.
Atlanta, GA 30303

This __8__ day of September, 2009.

McLAIN & MERRITT, P.C.

_____
Albert J. DeCusati
Georgia Bar No. 215610
Attorneys for Defendants

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326-3240
(404) 266-9171
(404) 364-3138 (Fax)
adecusati@mclain-merritt.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the within and foregoing

**NOTICE OF REMOVAL** upon Plaintiff by depositing same in the United States Mail in

envelopes with sufficient postage affixed thereon to insure delivery addressed as follows:

William C. Lanham, Esq.
Clark H. McGehee, Esq.
Johnson & Ward
2100 The Equitable Building
100 Peachtree Street, N.W.
Atlanta, GA 30303

This __8__ day of September, 2009.

McLAIN & MERRITT, P.C.

_____
Albert J. DeCusati
Georgia Bar No. 215610
Attorney for Defendants

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA 30326-3240
(404) 266-9171
(404) 364-3138 (Fax)
adecusati@mclain-merritt.com

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

CHERYL ROSEBERRY &            )
WILLIAM ROSEBERRY,            )
                              )
        Plaintiffs,           )
                              )
v.                            )        CIVIL ACTION FILE
                              )        NO: 2009-A-11697-5
WAL-MART STORES EAST, INC., an )
Arkansas Corporation, WAL-MART )       **1 09-CV-2497**
STORES EAST, LP, a Delaware    )
Limited Partnership, WAL-MART  )
STORES, INC., an Arkansas      )
Corporation, WAL-MART          )
ASSOCIATES, INC., an Arkansas  )
Corporation, and JOHN DOE,     )
                              )
        ·Defendants.          )

## NOTICE TO CLERK OF STATE COURT FOR THE
## REMOVAL OF ACTION TO FEDERAL COURT

TO:   Clerk
      State Court of Cobb County

      YOU ARE HEREBY notified that Defendants Wal-Mart Stores East, Inc.

(erroneously named and joined, the correct designation being Wal-Mart Stores East,

LP), Wal-Mart Stores East, LP, Wal-Mart Stores, Inc. (erroneously named and joined,

the correct designation being Wal-Mart Stores East, LP, and Wal-Mart Associates, Inc.

(erroneously named and joined, the correct designation being Wal-Mart Stores East,

LP) (hereinafter "Defendants"), have this date filed a Notice of Removal in the United

States District Court for the Northern District of Georgia, Atlanta Division, removing this

action from the State Court of Cobb County, Georgia, to the United States District Court

for the Northern District of Georgia, Atlanta Division, together with copies of all

pleadings and papers served on Defendant and all pleadings filed to date.  A copy of

said Notice of Removal filed in said Federal Court is attached hereto as Exhibit "A" and

filed with this Court as provided by the United States Code.

McLAIN & MERRITT, P.C.


Albert J. DeCusati
Georgia Bar No. 215610
Attorney for Defendants

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326-3240
(404) 266-9171
(404) 364-3138 (Fax)
adecusati@mclain-merritt.com

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CHERYL ROSEBERRY &            )
WILLIAM ROSEBERRY,            )
                              )
          Plaintiffs,         )
                              )        CIVIL ACTION FILE
v.                            )        NO:
                              )
WAL-MART STORES EAST, INC., an )
Arkansas Corporation, WAL-MART )
STORES EAST, LP, a Delaware   )
Limited Partnership, WAL-MART )
STORES, INC., an Arkansas     )
Corporation, WAL-MART         )
ASSOCIATES, INC., an Arkansas )
Corporation, and JOHN DOE,    )
                              )
          Defendants.         )

## NOTICE OF REMOVAL

COMES NOW, Defendants Wal-Mart Stores East, Inc. (erroneously named and joined, the correct designation being Wal-Mart Stores East, LP), Wal-Mart Stores East, LP, Wal-Mart Stores, Inc. (erroneously named and joined, the correct designation being Wal-Mart Stores East, LP, and Wal-Mart Associates, Inc. (erroneously named and joined, the correct designation being Wal-Mart Stores East, LP) (hereinafter "Defendants") in the above-captioned matter, by and through its counsel of record, within the time prescribed by law, and files this Notice of Removal, showing the Court as follows:

1.

The above-named Plaintiffs filed suit in the State Court of Cobb County, Georgia, which is within the Atlanta Division of this Court. 28 U.S.C.A. § 90 (a)(2). Said lawsuit is styled as above and is numbered as Civil Action File No. 2009-A-11697-5. Plaintiffs'



EXHIBIT
"A"

claims against Defendants include allegations of negligence.

2.

Plaintiffs filed the Complaint on or about August 11, 2009. Defendants received service of summons and a copy of the Complaint on August 19, 2009. Defendants file this notice of Removal within thirty (30) days after service of summons and a copy of this Complaint.

3.

Defendant Wal-Mart Stores East, Inc. is an Arkansas corporation with its principal place of business in the State of Arkansas. Defendant Wal-Mart Stores East, LP is a Delaware limited partnership with its principal place of business in the State of Arkansas. Defendant Wal-Mart Stores, Inc. is a Delaware corporation with its principal place of business in the State of Arkansas. Defendant Wal-Mart Associates, Inc. is a Delaware corporation with its principal place of business in the State of Arkansas. Neither Wal-Mart Stores East, Inc., Wal-Mart Stores East, LP, Wal-Mart Stores, Inc. nor Wal-Mart Associates, Inc. were citizens of the State of Georgia at the time of or immediately prior to the filing and service of said lawsuit, or at any time thereafter.

4.

Plaintiffs Cheryl Roseberry and William Roseberry are citizens of the State of Georgia.

5.

Complete diversity of citizenship exists between Plaintiffs and Defendants.

6.

This action is removable pursuant to 28 U.S.C. §§ 1332, 1441, based on complete

diversity of citizenship between Plaintiffs and Defendants.

7.

Plaintiffs allege that Plaintiff Cheryl Roseberry sustained "severe and permanent injuries to her cervical spine". See Plaintiffs' Complaint ¶12. Plaintiffs allege that Plaintiff Cheryl Roseberry has sustained "severe injuries which have required medical care and treatment, necessitating thousands of dollars in medical and related expenses, and which have led to permanent injuries and disabilities". See id., ¶14. As a result of this incident, Plaintiffs claim that Plaintiff Cheryl Roseberry has incurred past, present, and future medical bills. See id., ¶13, ¶14. In the Complaint, Plaintiffs seeks recovery against Defendants for Plaintiff Cheryl Roseberry's "pain and suffering, past, present and future, both mental and physical; for sums incurred for hospitals, physicians, medications, and related expenses, past, present and future; for her lost wages, past, present and future; for a diminishment in her future earning capacity; for a diminishment in her capacity to labor; for her loss of enjoyment of life; and for the permanent injuries and disabilities she has suffered and the resulting diminishment in her quality of life" in an amount "not less than SEVEN HUNDRED FIFTY THOUSAND ($750,000.00) DOLLARS". See id., ¶20, 21.

8.

Plaintiffs' claim for damages exceeds the $75,000 jurisdictional threshold.

9.

Pursuant to the provisions of 28 U.S.C. § 1446, Defendants have attached as Exhibit "A" copies of all the pleadings that were provided to and served upon Defendants, including copies of all pleadings that have been filed to date in the State Court of Cobb County, Georgia for the above-styled case.

-3-

10.

Pursuant to 28 U.S.C. § 1446, Defendants are not required to file a removal bond.

11.

Written notice of the filing of this Notice of Removal will be given to all parties as required by 28 U.S.C. § 1446.

12.

A true and correct copy of this Notice of Removal will be filed with the Clerk of the State Court of Cobb County, Georgia, as required by 28 U.S.C. § 1446.

WHEREFORE, Defendants pray that the above-captioned lawsuit be removed to the United States District Court for the Northern District of Georgia, Atlanta Division.

McLAIN & MERRITT, P.C.

_____
Albert J. DeCusati
Georgia Bar No. 215610
Attorney for Defendants

-4-

IN THE STATE COURT OF COBB COUNTY

STATE OF GEORGIA

CHERYL ROSEBERRY and WILLIAM          )
ROSEBERRY,                            )
                                      )
            Plaintiffs,               )
                                      )        CIVIL ACTION
vs.                                   )
                                      )        FILE NO. 09-A-41690-5
WAL-MART STORES EAST, INC.,           )
an Arkansas Corporation, WAL-MART     )
STORES EAST, LP, a Delaware Limited   )        *JURY TRIAL DEMANDED*
Partnership, WAL-MART STORES, INC.,   )
an Arkansas Corporation, WAL-MART     )
ASSOCIATES, INC., an Arkansas         )
Corporation, and JOHN DOE,            )
                                      )
            Defendants.               )

## COMPLAINT FOR DAMAGES

COME NOW Cheryl Roseberry and William Roseberry, Plaintiffs in the captioned action, and for their Complaint against the Defendants named herein, show the court and jury the following facts, to wit:

1.

That Defendant Wal-Mart Stores East, Inc., is a corporation organized and existing under the laws of the State of Arkansas, but authorized to do business in Georgia, which may be served by service on its registered agent for service, Corporation Process Company, 328 Alexander Street, Suite 10, Marietta, Cobb County, Georgia 30060, and which is subject to the jurisdiction of this court by virtue of facts which will be set forth more fully hereinafter.

2.

That Defendant Wal-Mart Stores East, LP, is a limited partnership formed under the laws of the State of Delaware, but authorized to do business in Georgia, which may be served by service on



EXHIBIT
"A"

its registered agent for service, CT Corporation System, 328 Alexander Street, Suite 10, Marietta,

Cobb County, Georgia 30060, and which is subject to the jurisdiction of this court by virtue of facts

which will be set forth more fully hereinafter.

3.

That Defendant Wal-Mart Stores, Inc., is a corporation organized and existing under the laws

of the State of Arkansas, but authorized to do business in Georgia, which may be served by service

on its registered agent for service, Corporation Process Company, 328 Alexander Street, Suite 10,

Marietta, Cobb County, Georgia 30060, and which is subject to the jurisdiction of this court by

virtue of facts which will be set forth more fully hereinafter.

4.

That Defendant Wal-Mart Associates, Inc., is a corporation organized and existing under the

laws of the State of Arkansas, but authorized to do business in Georgia, which may be served by

service on its registered agent for service, Corporation Process Company, 328 Alexander Street,

Suite 10, Marietta, Cobb County, Georgia 30060, and which is subject to the jurisdiction of this

court by virtue of facts which will be set forth more fully hereinafter.

5.

That Defendant John Doe, on information and belief, is a citizen and resident of the State of

Georgia, but otherwise unknown to Plaintiffs, whose identity and address will be ascertained through

discovery, and who is subject to the jurisdiction of this court by virtue of facts which will be set forth

more fully hereafter.

6.

That Defendants are indebted to Plaintiffs, jointly and severally, in a sum in excess of

SEVEN HUNDRED FIFTY THOUSAND ($750,000.00) DOLLARS compensatory damages, by

virtue of facts which will be set forth more fully hereinafter.

### 7.

That at all times material herein, the corporate Defendants owned and operated a Wal-Mart Super Store ("the Wal-Mart store"), located at 4221 Atlanta Highway, Loganville, Walton County, Georgia.

### 8.

That at all times material herein, Defendant John Doe was the manager of the Wal-Mart store, aforesaid, responsible for, *inter alia*, its administrative operation.

### 9.

That on the 19th day of August, 2007, Plaintiff Cheryl Roseberry ("Roseberry") was a customer in the Wal-Mart store, aforesaid.

### 10.

That earlier that day, there had been a liquid spill on the floor at the Wal-Mart store, and a Wal-Mart employee, rather than cleaning it up or posting signs warning of its presence, simply laid paper towels on it, apparently intended to absorb the liquid preparatory to properly removing it and cleaning up the area.

### 11.

That the resulting sodden paper towels were the same approximate color of the floor, having the effect of masking the presence of the liquid spill.

### 12.

That as Plaintiff Roseberry was shopping, aforesaid, she stepped on the soggy paper towels and liquid spill, which were extremely slippery, causing her feet to suddenly slip out from under her, resulting in her violently falling to the floor on her right knee, causing severe and permanent injuries

to her cervical spine.

13.

That immediately following Plaintiff Roseberry's fall, aforesaid, Defendant John Doe admitted to her that the liquid spill should have been properly cleaned up earlier and should not have been handled as it had been.

14.

That as a direct and proximate result of the fall, aforesaid, Plaintiff Roseberry suffered severe injuries which have required medical care and treatment, necessitating thousands of dollars in medical and related expenses, and which have led to permanent injuries and disabilities.

15.

That the fall and resulting injuries suffered by Plaintiff Roseberry, aforesaid, were directly and proximately caused by the negligence of Defendants, such negligence consisting in:

(a) Failing to maintain the premises and approaches safe for invitees, in violation of provisions of O.C.G.A. §51-3-1;

(b) Failing to timely remove and clean-up the liquid spill, resulting in a foreseeable hazard of injury to invitees;

(c) Failing to properly warn of the dangerous condition on the premises caused by the inadequate treatment of the liquid spill with paper towels, when Defendants knew, or should have known, that a situation of danger existed to invitees thereby;

(d) Failing to take timely and appropriate steps to correct the dangerous situation that existed on the premises due to the inadequate clean-up of the liquid spill and the use of paper towels under the circumstances, aforesaid;

(e) Failing to timely inspect and maintain the premises for the safety of invitees;

(f) Failing to implement adequate policies and procedures for inspection and maintenance of the premises for the safety of invitees;

(g) Creating, in effect, a mantrap for invitees on the premises by treating the liquid spill with paper towels, which caused it to be indiscernable to invitees; and

(h) Failing to warn of the dangerous condition on the premises, and failing to make safe the dangerous condition created by the inadequate clean-up and improper use of paper towels under the circumstances, when Defendants knew, or should have known, of such danger prior to the injuries suffered by Plaintiff Roseberry, aforesaid.

16.

That Defendant John Doe was further negligent in failing to properly supervise employees at the Wal-Mart store, and permitting the creation of a hazardous condition for invitees by the inadequate clean-up and inappropriate use of paper towels under the circumstances, aforesaid.

17.

That at all times material herein, Plaintiff Roseberry was an invitee on the premises of the Wal-Mart store, acting in the exercise of ordinary care for her own safety.

18.

That at all times material herein, Defendant John Doe was an agent, servant and employee of the corporate Defendants, acting within the scope of such employment as manager of the Wal-Mart store, and in the furtherance of the business of the corporate Defendants.

19.

That there is no bona fide dispute as to Defendants' liability in this incident, and Defendants have been stubbornly litigious in forcing Plaintiffs to litigate this matter, and Plaintiffs accordingly are entitled to recover their expenses of litigation, including reasonable attorneys' fees, pursuant to

provisions of O.C.G.A. §13-6-11.

20.

That Plaintiff Roseberry brings this action to recover for her pain and suffering, past, present and future, both mental and physical; for sums incurred for hospitals, physicians, medications, and related expenses, past, present and future; for her lost wages, past, present and future; for a diminishment in her future earning capacity; for a diminishment in her capacity to labor; for her loss of enjoyment of life; and for the permanent injuries and disabilities she has suffered and the resulting diminishment in her quality of life.

21.

That Plaintiff William Roseberry is the husband of Plaintiff Roseberry, and brings this action to recover for the loss of his wife's companionship, comfort, fellowship, conjugal relations and consortium due to the injuries she has suffered, aforesaid.

WHEREFORE, Plaintiffs demand judgment of Defendants, jointly and severally, in a sum not less than SEVEN HUNDRED FIFTY THOUSAND ($750,000.00) DOLLARS compensatory damages; for their expenses of litigation, including reasonable attorneys' fees, as proven at trial; and for their other costs of court.

LANHAM & McGEHEE, P.C.

William C. Lanham
Georgia Bar No. 437100

Clark H. McGehee
Georgia Bar No. 491800
Attorneys for Plaintiffs

JOHNSON & WARD
2100 The Equitable Building
100 Peachtree Street, N.W.
Atlanta, Georgia 30303-1912
Telephone: (404) 524-5626

Civil Action No. 09-A-11695

| | |
|---|---|
| | **State Court** ☒ |
| **Attorney's Address** .................................. | |
| William C. Lanham, Esq. | **GEORGIA,    COBB    COUNTY** |
| Johnson & Ward | |
| 100 Peachtree St., N.W., Suite 2100 | CHERYL ROSEBERRY and WILLIAM ROSEBERRY |
| Atlanta, Georgia  30303-1912 | .................................................. |
| | .................................................. **Plaintiff** |
| | **VS.** |
| | WAL-MART STORES EAST, INC., et. al. |
| **Name and Address of Party to be Served** | .................................................. |
| Wal-Mart Stores East, Inc. | .................................................. |
| c/o Corporation Process Company | **Defendant** |
| 328 Alexander Street, Suite 10 | .................................................. |
| Marietta, Cobb County, Georgia  30060 | .................................................. |
| | .................................................. **Garnishee** |

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐ I have this day served ................................................................................................................ personally with a copy
of the within action and summons.

**NOTORIOUS** ☐ I have this day served ................................................................................................................ by leaving
a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of ................................................................................ described as follows

age, about ........ years; weight, about ....... pounds; height, about ...... feet and ...... inches, domiciled
at the residence of defendant.

**CORPORATION** ☑ Served ........ *Wal-Mart* ........................................................................................ a corporation
by leaving a copy of the within action and summons with *Bonnie Hunter* ..................................................
in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐ I have this day served the above affidavit and summons on the defendant(s)/Party by posting a copy of the same to the
door of the premises designated in said affidavit and on the same day of such posting by depositing a true copy of same
in the United States Mail, First Class in an envelope properly addressed to the defendant(s)/Party at the address shown in
said summons, with adequate postage affixed thereon containing notice to the defendant(s)/Party to answer said
summons at the place stated in the summons.

**NON EST** ☐ Diligent search made and ................................................................................................................
not to be found in the jurisdiction of this Court.

**THE DEFENDANT/PARTY IS REQUIRED TO:**
answer a Proceeding Against Tenant Holding Over on or before the _____ day of _____
20 _____ at the hour and place stated in the summons.

This ..... 15... day of ....... *Aug* .................... , 20 09 .....

................................................ *D500*
**DEPUTY**

................................................
**COBB COUNTY, GEORGIA**

WHITE: Clerk      CANARY: Plaintiff          PINK: Defendant

SERVE

# IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

CHERYL ROSEBERRY and WILLIAM
ROSEBERRY

CASE NO. O9-A-11697-5

$170.00 Deposit Paid
$5.00 RUSH FEE PD

PLAINTIFF

Vs

WAL-MART STORES EAST, INC.,
WAL-MART STORES EAST, LP,
WAL-MART STORES, INC.,
WAL-MART ASSOCIATES, INC.,
and JOHN DOE

DEFENDANT

| TYPE OF SUIT: | | AMOUNT OF SUIT | |
|---|---|---|---|
| Account | ☐ | Principal | $ 750,000+ |
| Contract | ☐ | Interest | $ |
| Note | ☐ | Attys. Fees | $ |
| Tort | ☒ | Court Costs | $ |

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the CLERK of said court and serve upon the Plaintiff's attorney or upon Plaintiff if no attorney, to wit, whose name and address is:

William C. Lanham, Esq.
Johnson & Ward
2100 The Equitable Building
100 Peachtree Street, N.W.
Atlanta, Georgia 30303-1912

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. NOTE: Any corporate party served must be represented by a licensed attorney at law. (see Eckles v. Atlanta Technology Group, 267 Ga. 801)

This 11-August-2009
(Date)

Clerk
State Court of Cobb County

12 East Park Square, Marietta, Georgia 30090-9632     (770) 528-1220     Building B, First floor-Civil Division

A:\general\summons.doc     6-24-2002

Civil Action No. 09-A-11699-5

Attorney's Address ...........................
William C. Lanham, Esq.
Johnson & Ward
100 Peachtree St., N.W., Suite 2100
Atlanta, Georgia 30303-1913

State Court    XX

GEORGIA,    COBB    COUNTY

CHERYL ROSEBERRY and WILLIAM ROSEBERRY
..........................................

..........................................
                                    **Plaintiff**
                    **VS.**

WAL-MART STORES EAST, INC., et. al.
..........................................

Name and Address of Party to be Served

Wal-Mart Associates, Inc.
c/o Corporation Process Company
328 Alexander Street, Suite 10
Marietta, Cobb County, Georgia 30060

..........................................
                                    **Defendant**

..........................................

..........................................
                                    **Garnishee**

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐ I have this day served ........................................... personally with a copy of the within action and summons.

**NOTORIOUS** ☐ I have this day served ........................................... by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of ........................................... described as follows

age, about ........ years; weight, about ....... pounds; height, about ...... feet and ...... inches, domiciled at the residence of defendant.

**CORPORATION** ☑ Served _Wal-m.l_ ........................................... a corporation by leaving a copy of the within action and summons with _Bonnie Munson_ in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐ I have this day served the above affidavit and summons on the defendant(s)/Party by posting a copy of the same to the door of the premises designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s)/Party at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s)/Party to answer said summons at the place stated in the summons.

**NON EST** ☐ Diligent search made and ........................................... not to be found in the jurisdiction of this Court.

### THE DEFENDANT/PARTY IS REQUIRED TO:
answer a Proceeding Against Tenant Holding Over on or before the _____ day of _____ 20 _____ at the hour and place stated in the summons.

This ........... _19_ day of ..... _Aug_ ..................., 20 _09_

........................................... _05001_
                                    **DEPUTY**

...........................................
                                    **COBB COUNTY, GEORGIA**

**WHITE: Clerk      CANARY: Plaintiff      PINK: Defendant**

**SERVE**

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

CHERYL ROSEBERRY and WILLIAM
ROSEBERRY

CASE NO. 09-A-11697-5

$170.00 Deposit Paid
$5.00 RUSH FEE PD

PLAINTIFF

Vs

| TYPE OF SUIT: | | AMOUNT OF SUIT |
|---|---|---|
| Account | ☐ | Principal $ 750,000+ |
| Contract | ☐ | Interest $_____ |
| Note | ☐ | Attys. Fees $_____ |
| Tort | ☒ | Court Costs $_____ |

WAL-MART STORES EAST, INC.,
WAL-MART STORES EAST, LP,
WAL-MART STORES, INC.,
WAL-MART ASSOCIATES, INC.,
and JOHN DOE

DEFENDANT

### SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the CLERK of said court and serve upon the Plaintiff's attorney or upon
Plaintiff if no attorney, to wit, whose name and address is:

William C. Lanham, Esq.
Johnson & Ward
2100 The Equitable Building
100 Peachtree Street, N.W.
Atlanta, Georgia 30303-1912

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive
of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.
NOTE: Any corporate party served must be represented by a licensed attorney at law. (see Eckles v. Atlanta Technology Group,
267 Ga. 801)

This ___1~August~2009___
                (Date)

Diane Web

Clerk
State Court of Cobb County

12 East Park Square, Marietta, Georgia 30090-9632    (770) 528-1220    Building B, First floor-Civil Division

A:\general\summons.doc    6-24-2002

Civil Action No. ....O9-A-11690-5............

Attorney's Address ...........................
William C. Lanham, Esq.
Johnson & Ward
100 Peachtree St., N.W., Suite 2100
Atlanta, Georgia 30303-1912

Name and Address of Party to be Served

Wal-Mart Stores East, LP
c/o Corporation Process Company
328 Alexander Street, Suite 10
Marietta, Cobb County, Georgia 30060

State Court ☑

GEORGIA,    COBB    COUNTY

CHERYL ROSEBERRY and WILLIAM ROSEBERRY

...............................................
**Plaintiff**

VS. INC.,
WAL-MART STORES EAST, LP, et. al.

...............................................
**Defendant**

...............................................
**Garnishee**

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐ I have this day served .................................................................................. personally with a copy
of the within action and summons.

**NOTORIOUS** ☐ I have this day served ............................................................................................ by leaving
a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of ................................................................. described as follows

age, about ........ years; weight, about ....... pounds; height, about ...... feet and ...... inches, domiciled
at the residence of defendant.

**CORPORATION** ☑ Served .... *Wal-mart* ............................................................................. a corporation
by leaving a copy of the within action and summons with *Benne Huckaba*
in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐ I have this day served the above affidavit and summons on the defendant(s)/Party by posting a copy of the same to the door of the premises designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s)/Party at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s)/Party to answer said summons at the place stated in the summons.

**NON EST** ☐ Diligent search made and ..................................................................................
not to be found in the jurisdiction of this Court.

**THE DEFENDANT/PARTY IS REQUIRED TO:**
answer a Proceeding Against Tenant Holding Over on or before the _____ day of _____
20 _____ at the hour and place stated in the summons.

This .... 19 .... day of .... *August* ............., 20 *09* .....

.......................................
**DEPUTY**

.......................................
**COBB COUNTY, GEORGIA**

WHITE: Clerk    CANARY: Plaintiff    PINK: Defendant

**SERVE**

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

CHERYL ROSEBERRY and WILLIAM
ROSEBERRY

CASE NO. 09-A-11697-5

$170.00 Deposit Paid

$5.00 RUSH FEE PD

PLAINTIFF

Vs

| TYPE OF SUIT: | | AMOUNT OF SUIT | |
|---|---|---|---|
| Account | ☐ | Principal | $ 750,000+ |
| Contract | ☐ | Interest | $_____ |
| Note | ☐ | Attys. Fees | $_____ |
| Tort | ☒ | Court Costs | $_____ |

WAL-MART STORES EAST, INC.,
WAL-MART STORES EAST, LP,
WAL-MART STORES, INC.,
WAL-MART ASSOCIATES, INC.,
and JOHN DOE

DEFENDANT

### SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the CLERK of said court and serve upon the Plaintiff's attorney or upon Plaintiff if no attorney, to wit, whose name and address is:

William C. Lanham, Esq.
Johnson & Ward
2100 The Equitable Building
100 Peachtree Street, N.W.
Atlanta, Georgia 30303-1912

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. NOTE: Any corporate party served must be represented by a licensed attorney at law. (see Eckles v. Atlanta Technology Group, 267 Ga. 801)

This  11-August-2009
           (Date)

Diane

Clerk
State Court of Cobb County

12 East Park Square, Marietta, Georgia 30090-9632    (770) 528-1220    Building B, First floor-Civil Division

A:\general\summons.doc    6-24-2002

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| CHERYL ROSEBERRY &<br>WILLIAM ROSEBERRY,<br><br>Plaintiffs,<br><br>v.<br><br>WAL-MART STORES EAST, INC., an<br>Arkansas Corporation, WAL-MART<br>STORES EAST, LP, a Delaware<br>Limited Partnership, WAL-MART<br>STORES, INC., an Arkansas<br>Corporation, WAL-MART<br>ASSOCIATES, INC., an Arkansas<br>Corporation, and JOHN DOE,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)    CIVIL ACTION FILE<br>)    NO: 2009-A-11697-5<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### ANSWER OF DEFENDANTS WAL-MART STORES EAST, INC., WAL-MART STORES EAST, LP, WAL-MART STORES, INC., and WAL-MART ASSOCIATES, INC.

COMES NOW, Defendants Wal-Mart Stores East, Inc., (erroneously named and joined, the correct designation being Wal-Mart Stores East, LP), Wal-Mart Stores East, LP, Wal-Mart Stores, Inc., (erroneously named and joined, the correct designation being Wal-Mart Stores East, LP), and Wal-Mart Associates, Inc. (erroneously named and joined, the correct designation being Wal-Mart Stores East, LP), (hereinafter "Defendants") and makes this Answer to Plaintiffs' Complaint as follows:

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim against Defendants upon which relief can be granted.

## SECOND DEFENSE

Plaintiffs' alleged damages, if any, were directly and proximately caused by Plaintiffs' own contributory negligence and failure to exercise ordinary care.

## THIRD DEFENSE

Plaintiff Cheryl Roseberry was not in the exercise of ordinary care for her own safety in the premises, and by the exercise of ordinary care could have avoided any injury to herself; and on account thereof, Plaintiffs are not entitled to recover from Defendants.

## FOURTH DEFENSE

Defendants deny that they were negligent in any manner whatsoever or that any negligent act or omission on their part caused or contributed to any injury or damage alleged to have been sustained by Plaintiffs.

## FIFTH DEFENSE

Any injury or damage sustained by Plaintiffs was the result of an accident in the legal sense, and therefore Plaintiffs are not entitled to recover from Defendants.

## SIXTH DEFENSE

Plaintiffs assumed the risk of any hazard that was presented and are thereby barred from recovering against these Defendants.

## SEVENTH DEFENSE

Plaintiffs' complaint improperly joins one or more parties.

## EIGHTH DEFENSE

Plaintiffs' claims are barred by the applicable doctrines of waiver and estoppel.

## NINTH DEFENSE

Plaintiffs have failed to properly identify a party.

## TENTH DEFENSE

Plaintiffs' claim for consequential damages is barred as a matter of law.

## ELEVENTH DEFENSE

Plaintiffs has failed to itemize their special damages pursuant to O.C.G.A. § 9-11-9(g).

## TWELFTH DEFENSE

All or a portion of Plaintiffs' claims are barred by the applicable statute of limitation and laches.

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred by insufficiency of service and insufficiency of process.

## FOURTEENTH DEFENSE

Plaintiffs have failed to plead sufficient information and facts for the assessment of costs of litigation and/or prejudgment interest.

## FIFTEENTH DEFENSE

This Court lacks jurisdiction over the person and property of Defendants, and, therefore, this case should be dismissed as to it.

## SIXTEENTH DEFENSE

Plaintiffs have failed to plead sufficient information for a determination of future medical expenses and permanency of injuries.

## SEVENTEENTH DEFENSE

Defendants respond to the enumerated paragraphs of Plaintiffs' Complaint as follows:

1.

Defendants deny, as stated, the allegations contained in Paragraph 1 of Plaintiffs' Complaint.

2.

Defendants admit the allegations contained in Paragraph 2 of Plaintiffs' Complaint.

3.

Defendants deny, as stated, the allegations contained in Paragraph 3 of Plaintiffs' Complaint.

4.

Defendants deny, as stated, the allegations contained in Paragraph 4 of Plaintiffs' Complaint.

5.

Defendants are without sufficient information to either admit or deny the allegations of Paragraph 5 of Plaintiffs' Complaint; therefore, said allegations are denied.

6.

Defendants deny the allegations contained in Paragraph 6 of Plaintiffs' Complaint.

7.

Defendants deny, as stated, the allegations contained in Paragraph 7 of Plaintiffs' Complaint.

8.

Defendants deny, as stated, the allegations contained in Paragraph 8 of Plaintiffs' Complaint.

9.

Defendants are without sufficient information to either admit or deny the allegations of Paragraph 9 of Plaintiffs' Complaint; therefore, said allegations are denied.

10.

Defendants deny, as stated, the allegations contained in Paragraph 10 of Plaintiffs' Complaint.

11.

Defendants deny, as stated, the allegations contained in Paragraph 11 of Plaintiffs' Complaint.

12.

Defendants deny the allegations contained in Paragraph 12 of Plaintiffs' Complaint.

13.

Defendants deny the allegations contained in Paragraph 13 of Plaintiffs' Complaint.

14.

Defendants deny the allegations contained in Paragraph 14 of Plaintiffs' Complaint.

15.

Defendants deny the allegations contained in Paragraph 15 of Plaintiffs' Complaint, including all subparts therein.

16.

Defendants deny the allegations contained in Paragraph 16 of Plaintiffs' Complaint.

17.

Defendants deny the allegations contained in Paragraph 17 of Plaintiffs' Complaint.

18.

Defendants deny the allegations contained in Paragraph 18 of Plaintiffs' Complaint.

19.

Defendants deny the allegations contained in Paragraph 19 of Plaintiffs' Complaint.

20.

Defendants deny the allegations contained in Paragraph 20 of Plaintiffs' Complaint.

21.

Defendants deny the allegations contained in Paragraph 21 of Plaintiffs' Complaint.

22.

Defendants deny Plaintiffs' prayer for relief, including all subparts therein.

23.

All other allegations, counts or claims which Defendants have not specifically responded to are hereby denied.

WHEREFORE, Defendants pray that Plaintiffs' Complaint be dismissed with all costs cast upon the Plaintiffs. DEFENDANTS DEMAND TRIAL BY A JURY OF TWELVE (12) PERSONS AS TO ALL ISSUES SO TRIABLE.

This _8_ day of September, 2009.

McLAIN & MERRITT, P.C.

_____
Albert J. DeCusati
Georgia Bar No. 215610
Attorney for Defendants

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 266-9171

-6-

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing **ANSWER OF**

**DEFENDANTS WAL-MART STORES EAST, INC., WAL-MART STORES EAST, LP,**

**WAL-MART STORES, INC., and WAL-MART ASSOCIATES, INC.** has this day been

served upon opposing counsel, by placing same in the United States Mail, postage

prepaid, and addressed as follows:

William C. Lanham, Esq.
Clark H. McGehee, Esq.
Johnson & Ward
2100 The Equitable Building
100 Peachtree Street, N.W.
Atlanta, GA 30303

This _____ day of September, 2009.


MCLAIN & MERRITT, P.C.


_____
Albert J. DeCusati
Georgia Bar No. 215610
Attorney for Defendants


3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 266-9171

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| CHERYL ROSEBERRY & WILLIAM ROSEBERRY,<br><br>Plaintiffs,<br><br>v.<br><br>WAL-MART STORES EAST, INC., an Arkansas Corporation, WAL-MART STORES EAST, LP, a Delaware Limited Partnership, WAL-MART STORES, INC., an Arkansas Corporation, WAL-MART ASSOCIATES, INC., an Arkansas Corporation, and JOHN DOE,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    CIVIL ACTION FILE<br>NO: 2009-A-11697-5 |

<u>12-PERSON JURY DEMAND</u>

COME NOW Defendants WAL-MART STORES EAST, INC., WAL-MART

STORES EAST, LP, WAL-MART STORES, INC., and WAL-MART ASSOCIATES,

INC., and demand a trial by a jury of twelve (12) persons.

McLAIN & MERRITT, P.C.


Albert J. DeCusati
Georgia Bar No. 215610
Attorney for Defendants

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326-3240
(404) 266-9171
(404) 364-3138 (Fax)
adecusati@mclain-merritt.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing **12-PERSON JURY**

**DEMAND** has this day been served upon Plaintiff, by placing same in the United States

Mail, postage prepaid, and addressed as follows:

> William C. Lanham, Esq.
> Clark H. McGehee, Esq.
> Johnson & Ward
> 2100 The Equitable Building
> 100 Peachtree Street, N.W.
> Atlanta, GA 30303

This _____ day of September, 2009.

McLAIN & MERRITT, P.C.

_____
Albert J. DeCusati
Georgia Bar No. 215610
Attorneys for Defendants

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326-3240
(404) 266-9171
(404) 364-3138 (Fax)
adecusati@mclain-merritt.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the within and foregoing

**NOTICE OF REMOVAL** upon Plaintiff by depositing same in the United States Mail in

envelopes with sufficient postage affixed thereon to insure delivery addressed as follows:

William C. Lanham, Esq.
Clark H. McGehee, Esq.
Johnson & Ward
2100 The Equitable Building
100 Peachtree Street, N.W.
Atlanta, GA 30303

This _8_ day of September, 2009.

McLAIN & MERRITT, P.C.

Albert J. DeCusati
Georgia Bar No. 215610
Attorney for Defendants

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA 30326-3240
(404) 266-9171
(404) 364-3138 (Fax)
adecusati@mclain-merritt.com

-5-

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing **NOTICE TO CLERK OF STATE COURT FOR THE REMOVAL OF ACTION TO FEDERAL COURT** has this day been served upon Plaintiff, by placing same in the United States Mail, postage prepaid, and addressed as follows:

> William C. Lanham, Esq.
> Clark H. McGehee, Esq.
> Johnson & Ward
> 2100 The Equitable Building
> 100 Peachtree Street, N.W.
> Atlanta, GA 30303

This ___ day of September, 2009.

McLAIN & MERRITT, P.C.

Albert J. DeCusati
Georgia Bar No. 215610
Attorneys for Defendants

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326-3240
(404) 266-9171
(404) 364-3138 (Fax)
adecusati@mclain-merritt.com